# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3247 | **DATE** | 7/7/2008 |
| **CASE TITLE** | Ellison (K81210) vs. Minnear, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $9.30 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Menard Correctional Center. Plaintiff's motion for appointment of counsel [4] is granted. The Court appoints James M. Lydon of Hinshaw & Culbertson LLP, 222 N. LaSalle St., Suite 300, Chicago, Illinois, 60601, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37. Plaintiff's aggravated stalking claims are dismissed. Plaintiff's claims against Michael Sheahan and (Judge) John Doe 4 are dismissed, and these Defendants are dismissed from this suit. Plaintiff's appointed counsel is given leave to file an amended complaint within 60 days of this order if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

     Plaintiff, Gary Ellison, an inmate at Menard Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

     Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $9.30. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. The Court has undertaken this review and concluded that some of Plaintiff's claims sufficiently plead a cause of action – for example, Plaintiff's claim that certain Defendants conspired to violate Plaintiff's due process rights. However, because several of Plaintiff's claims fail to state a claim for which relief can be granted, these claims must be dismissed.

     Plaintiff alleges that certain Defendants conspired against his rights, subjected him to cruel and unusual punishment, violated his due process rights, and engaged in aggravated stalking. As to these claims, Plaintiff alleges that in early 2002, Michael Minnear, an Illinois State Police Investigator, contacted Brad

**STATEMENT**

Curie, the Director of the Illinois Department of Corrections, and requested that Plaintiff be transferred to Illinois River Correctional Center so that inmates could interrogate Plaintiff. Through the actions of Curie and John Doe 1 and John Doe 2, Plaintiff was transferred to Illinois River Correctional Center and was housed near or with two homosexuals who stalked Plaintiff.

Plaintiff cannot bring a civil action for the alleged crime of aggravated stalking, 720 ILCS 5/12-7.4 (nor stalking, 720 ILCS 5/12-6), because no civil action is authorized under the statute. Accordingly, his claim of aggravated stalking is dismissed.

While at Illinois River Correctional Center, Curie and John Doe 2 required Plaintiff to give a DNA sample for the purpose of giving the sample to Minnear.

Plaintiff was subsequently released on parole, at which time Minnear contacted Plaintiff's parole officer and requested that the parole officer falsely find that Plaintiff violated his parole. Plaintiff's parole officer refused, and Curie had the Plaintiff reassigned to a different parole officer. Curie and John Doe 3 then had Plaintiff placed on electronic home monitoring even though monitoring was not a condition of Plaintiff's parole. Plaintiff was subsequently arrested by Minnear. Minnear interrogated Plaintiff, during which interrogation Minnear threatened Plaintiff and refused to allow Plaintiff to contact an attorney. Plaintiff was subsequently charged with murder. Plaintiff contends that these actions by Minnear, Curie, and the John Does constituted a conspiracy to violate Plaintiff's due process rights.

Plaintiff alleges that while at Cook County Jail, he was severely beaten by Cook County Sheriffs and was denied medical treatment for approximately five hours after the beatings. Plaintiff does not identify any of his alleged attackers or medical staff that refused to treat Plaintiff. Plaintiff has attached several pictures showing injuries Plaintiff allegedly sustained during the beatings. Michael Sheahan, the Sheriff of Cook County at the relevant time, is the only named Cook County Defendant. However, Plaintiff makes no allegations against Sheriff Sheahan in this claim. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion* County, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. Thus, because Plaintiff's complaint asserts no claim against Sheriff Sheahan, he must be dismissed from this claim. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation).

At some point, Plaintiff retained an attorney, Anderson Ward, to file a civil action against Cook County Jail based on Plaintiff's beatings and the denial of medical care. A civil suit was filed but was subsequently dismissed by Ward. Plaintiff alleges legal malpractice and negligence against Ward. It is unclear whether Plaintiff is attempting to bring his legal malpractice and negligence claims against Ward pursuant to Section 1983 or as state law claims. To be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Thus, Plaintiff may not bring such claims pursuant to Section 1983 because there is no constitutional or statutory right to effective assistance of counsel in a civil case. *See Hutcherson v. Smith*, 908 F.2d 243, 245 (7th Cir. 1990).

Plaintiff also alleges legal malpractice and negligence against his criminal defense attorney, Jason Daniellian, at his murder trial. The allegations against Daniellian relate to Daniellian's work as Plaintiff's criminal defense attorney. Even assuming that Plaintiff's counsels' alleged actions have violated state law and professional ethics, Plaintiff cannot recover damages under 42 U.S.C. § 1983. In this case, Plaintiff is not

**STATEMENT**

suing a state official; rather, he is suing his criminal defense attorney and all of the allegations concern his individual representation of Plaintiff. Whether privately retained or appointed by a court, criminal defense attorneys do not act under color of state law merely by representing their clients. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Plaintiff's claims against Daniellian are therefore not actionable under 42 U.S.C. § 1983.

Plaintiff alleges that the judge, identified as John Doe 4, who authorized electronic surveillance violated Plaintiff's due process by not issuing a "Notice to Parties Overheard" to Plaintiff which Plaintiff could have used in his murder trial. Plaintiff's Section 1983 claims related to the unidentified judge's acts in authorizing electronic surveillance and resulting notice, or lack thereof, to parties (as may be required, *see e.g.,* 18 U.S.C. § 2510 *et seq.*) are barred because the judge is protected from suit by absolute judicial immunity. *See Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).

Based on the above, Plaintiff's aggravated stalking claims are dismissed. Plaintiff's claims against Sheahan and (Judge) John Doe 4 are dismissed, and these Defendants are dismissed from this suit. Plaintiff's claims of conspiracy to violate his due process, excessive force, and denial of medical treatment are not dismissed at this time. Nor are Plaintiff's state law claims dismissed at this time (assuming, as discussed above, that his claims of legal malpractice and negligence are state law claims). However, the complaint on file is unacceptable. The complaint on file includes Defendants and "claims" that are now dismissed. Plaintiff's excessive force claim, that is supported by the photographs attached to the complaint, fails to name any Defendants (even as a "John Doe"). In addition, it is unclear if Plaintiff's excessive force claim, legal malpractice, negligence, and denial of medical treatment claims are related in any manner, and whether those claims should be filed as a separate law suit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits . . . ."). Furthermore, the U.S. Marshal cannot identify or serve the "John Doe" Defendants that are alleged to have been involved in the conspiracy without additional information.

Because of the serious nature of Plaintiff's allegations, the Court hereby appoints James M. Lydon of Hinshaw & Culbertson LLP, 222 N. LaSalle St., Suite 300, Chicago, Illinois, 60601, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) 83.37. After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the Court.