
CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010[*]
Decided July 23, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 09-2720 | |
| GARY F. ELLISON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 C 03247 |
| MICHAEL MINNEAR, et al., | |
| *Defendants-Appellees.* | Harry D. Leinenweber, *Judge.* |

**O R D E R**

Gary Ellison, an inmate in Illinois, filed a pro se suit under 42 U.S.C. § 1983, alleging numerous constitutional and state-law claims against prison officials, guards, former attorneys, and a state-court judge. The district court dismissed some claims at screening, *see* 28 U.S.C. § 1915A, but determined that others could have merit and recruited counsel to

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary because the facts and legal arguments are adequately presented in these materials. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

assist Ellison in preparing an amended complaint. Before counsel finished investigating Ellison's claims, however, Ellison filed an amended complaint pro se. At his counsel's request, the district court dismissed this amended complaint "without prejudice" in October 2008 but simultaneously "terminated" the case. Afterwards, Ellison (without the assistance of counsel) filed three motions to reconsider, each time arguing that he did not authorize counsel to seek the voluntary dismissal. The district court summarily denied each of these motions, and Ellison appealed the court's order denying his last two motions. We affirm the district court's judgment.

Ellison's original complaint assembled a morass of unrelated claims alleging injustices dating back to 2002. After dismissing many of these claims at screening, the court identified a number of deficiencies that plagued Ellison's surviving complaint. The court listed the areas that required clarification or amendment and gave Ellison's newly appointed counsel 60 days to investigate and file an amended complaint if potentially meritorious claims existed. Counsel began his investigation but did not file anything during that period. Ellison himself, however, filed an amended complaint, which, in essence, was the same as his original, defective complaint, minus the names of the parties dismissed at screening. The court notified counsel about the pro se amended complaint.

One month later Ellison's attorney moved to dismiss the amended complaint but asked for leave to file a revised complaint within 90 days. Counsel noted that he had discussed the case with his client, but that he needed more time to finish investigating Ellison's claims. In a minute order entered on October 31, 2008, the district court stated: "Plaintiff's complaint is dismissed without prejudice. Civil case terminated."

Nothing else happened until Ellison filed a motion two months after the dismissal, asking to proceed pro se and complaining that his attorney was unresponsive and had not diligently pursued his claims. The court did not rule on that motion immediately. Then, in late January, while that motion was pending, Ellison filed a "Motion for Leave to File a Motion of Reconsideration of Dismissal," explaining that he did not learn of the case's dismissal until the court clerk informed him of it on January 16, 2009. Accordingly, he petitioned for more time to appeal the dismissal which, he said, he had never authorized his counsel to request. Although he did not cite Rule 4(a)(6) of the Federal Rules of Appellate Procedure, that rule allows district courts to permit an additional 14 days to file an appeal when a litigant did not receive notice of the entry of judgment. FED. R. APP. P. 4(a)(6). Ellison elaborated that the case's dismissal "may" have been "due to intimidation, coersion [sic] or influence," and he therefore also requested that the court reinstate his case "due to inept appointed counsel." Shortly thereafter in February the district court denied both motions as "untimely and moot" because the case had been terminated three months earlier, on October 31.

Ellison did not appeal the district court's order in February rejecting his contention that the dismissal was unauthorized and denying him additional time to appeal the dismissal. Instead, Ellison filed two more post-judgment motions (one later in February and the other in May), reiterating the same argument advanced in his first motion—that he had not consented to the dismissal requested by his attorney. The district court summarily denied both motions in June 2009, again noting that the case had been terminated in October and warning Ellison to refrain from filing further motions. Ellison filed this appeal within 30 days of that ruling.

On appeal, Ellison challenges the merits of the district court's dismissal in October, arguing that, before granting his attorney's motion to dismiss, the district court should have required proof that Ellison had authorized the request. But we first address the existence and scope of our jurisdiction. *Doctor's Assocs., Inc. v. Duree*, 375 F.3d 618, 621-22 (7th Cir. 2004). The district court entered its final order on October 31. The order said that Ellison's complaint was dismissed "without prejudice," suggesting a lack of finality, but it also said that his case was "terminated." We have held that when an order "looks both ways" like this, the "safest course" is to consider it final and appealable. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *see also Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725, 726 (7th Cir. 2006) (quoting *Munson Transp., Inc. v. Hajjar*, 148 F.3d 711, 714 (7th Cir. 1998)). Therefore, all of Ellison's subsequent motions are post-judgment motions, and because he filed each of them more than 10 days later, they are viewed as motions under Rule 60(b) of the Federal Rules of Civil Procedure. *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009). And because Ellison filed his notice of appeal within thirty days of the district court's denial of just his last two Rule 60(b) motions in June, we have jurisdiction to review only those two denials; we do not have jurisdiction to review the denial of his earlier, materially identical Rule 60(b) motion in February or the underlying dismissal from October. *See* FED. R. APP. P. 4(a)(1); *Easley v. Kirmsee*, 382 F.3d 693, 696 n.3 (7th Cir. 2004); *Castro v. Bd. of Educ. of the City of Chi.*, 214 F.3d 932, 934 (7th Cir. 2000).

Ellison faces a difficult task in asking us to disturb the district court's judgment. Relief under Rule 60(b) is an extraordinary remedy, and we review the district court's ruling only for abuse of discretion. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Moreover, our review in a case like this is even more deferential, where Ellison is essentially appealing the district court's refusal to reverse its prior ruling in February denying his earlier Rule 60(b) motion. *Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009).

In his last two post-judgment motions, Ellison maintained that his attorney acted without authority in moving to dismiss his amended pro se complaint. Rule 60(b) may, in limited circumstances, provide relief when an attorney acts without authority to dismiss his

No. 09-2720 Page 4

client's claims. *See Smith v. Widman Trucking & Excavating Inc.*, 627 F.2d 792, 795 (7th Cir. 1980); *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir. 1979); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *Stewart v. M.D.F., Inc.*, 83 F.3d 247, 251 (8th Cir. 1996). But the movant must provide proof (such as an affidavit) that he did not consent to his attorney's actions. *Smith*, 627 F.2d at 796; *Bradford Exchange*, 600 F.2d at 102. Ellison did not do so in any of his post-judgment motions.

But even if he had sworn that his attorney had not authorized the dismissal, Ellison made that same pitch in his earlier Rule 60(b) motion and had an opportunity to obtain appellate review when the district court rejected this prior motion in February. Successive 60(b) motions cannot be used to extend the time to appeal the denial of an earlier motion, and a district court may permissibly deny a later Rule 60(b) motion grounded in a contention that could have been raised in an earlier appeal. *See Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000). Under these circumstances, the district court did not abuse its discretion in denying Ellison's last two post-judgment motions.

Accordingly, we AFFIRM the judgment of the district court.